08-4677-ag
Chen v. Holder

BIA
Abrams, IJ
A99 076 361

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROSEMARY S. POOLER,
        ROBERT A. KATZMANN,
                *Circuit Judges.*

_____

ZHONG HUI CHEN,
        *Petitioner,*

        v.                                          08-4677-ag
                                                    NAC
ERIC H. HOLDER, JR., ATTORNEY GENERAL,[*]
        *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, NY.

---

[*]    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:          Michael F. Hertz, Acting Assistant
                         Attorney General; Mary Jane Candaux,
                         Assistant Director; Achiezer
                         Guggenheim, Attorney, Office of
                         Immigration Litigation, Civil
                         Division, U.S. Department of
                         Justice, Washington, D.C.


UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhong Hui Chen, a native and citizen of the People's Republic of China, seeks review of an August 28, 2008 order of the BIA affirming the November 8, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Hui Chen*, No. A99 076 361 (B.I.A. Aug. 28, 2008), *aff'g* No. A99 076 361 (Immig. Ct. N.Y. City Nov. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S.*

2

*Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Here, where the BIA noted the IJ's error as to a perceived inconsistency in the record, but found that the adverse credibility determination was otherwise supported by the record, we review the IJ's decision minus that erroneous finding. *Id*. We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

For asylum applications governed by the amendments made to the Immigration and Nationality Act ("INA") by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Here, the IJ properly identified an internal inconsistency in Chen's testimony where he initially claimed never to have left his uncle's village when he was in hiding there, then indicated that he had left on one occasion for a doctor's appointment, and again at the instruction of a snakehead. These statements are clearly inconsistent, and Chen waives any challenge to this finding in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

The IJ also found that during his testimony Chen "always was evasive, putting his head down, not answering questions, not looking at anyone." We accord to an IJ's findings relating to an applicant's demeanor "particular deference" because the IJ's ability to observe the witness's demeanor places him in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility. *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (quoting *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005)). We find no reason not to accord deference to the IJ's demeanor finding in this case.

Finally, in finding Chen not credible, the IJ relied on his failure to corroborate his claims that he protested the

4

family planning policy and that he went into hiding at his uncle's house before he fled China. Such findings where proper where Chen's failure to corroborate his testimony made him unable to rehabilitate testimony that had already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Taken together, the internal inconsistencies in Chen's testimony, his evasive demeanor, and his failure to corroborate certain aspects of his claim served to undermine his credibility, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and the IJ's adverse credibility determination thus was supported by substantial evidence, 8 U.S.C. § 1252(b)(4)(B); *see also Corovic*, 519 F.3d at 95. Accordingly, the agency's denial of Chen's application for asylum was proper.

Finally, inasmuch as Chen based his withholding of removal and CAT claims on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5